# Supreme Court Decisions.

## THE ACT RELATING TO ANNUAL CITY BOARDS OF EQUALIZATION.

THE STATE OF OHIO, EX REL KEMP, v. CLARK ET AL; in mandamus.

Decided, June 2, 1903—68 Ohio State, p. 463.

*Boards of Equalization—Provision for Annual City Boards—Section 2805, Revised Statutes—Inconsistent with Act of May 10, 1902— Conflict of Laws.*

Section 2805, Revised Statutes, providing for annual city boards of equalization conflicts with, and is inconsistent with, the act of May 10, 1902 (95 Ohio Laws, 481), entitled, "An act to provide for the appointment of a board of review for the equalization of real and personal property," and is therefore expressly repealed by Section five of said act.

The plaintiff filed the following petition in this court, caption, signature and verification being here omitted:

"The relator, Samuel E. Kemp, is a resident and tax-payer, residing within the city of Dayton, Montgomery county, Ohio.

"The defendants, Edwin T. Clark, Chas. A. Wintersteen, John Buck, Chas. E. Simms, Wilson J. Pierce, Chas. G. Lander, John Hoban, Peter Zimmer, Emery F. McMichael, Jos. W. Miller, John M. Betsch, Chas. A. Stainbrook and Isaac Kinsey, are the duly elected, qualified and acting members of the city council of the city of Dayton, Ohio.

"No application has been made by the Auditor of Montgomery County, being the county in which said city of Dayton is located, to the state board of appraisers and assessors, for the appointment of a board of review for said city of Dayton, as provided by the act of May 10, 1902 (95 O. L., 481), and no such board has been appointed.

"Two vacancies have occurred in the city board of equalization of said city of Dayton, by reason of the expiration of the terms of office of two members of said board of equalization. It is the

469

duty of said defendants as city council of Dayton, under and by virtue of the provisions of Section 2805, Revised Statutes, to appoint two members of said city board of equalization, for the full term of three years each. But said defendants refuse to make said appointments, although requested so to do, alleging as a reason for such refusal that Section 2805, Revised Statutes, is unconstitutional; also, that the power to appoint members of the city board of equalization has been taken from the city council by the provisions of Section 123 of the act of October 22, 1902 (96 O. L., 20 et seq.); also that Section 2805, Revised Statutes, is repealed by the provisions of the act of May 10, 1902 (95 O. L., 481).

"Relator requested the city solicitor of Dayton to commence and prosecute an action in mandamus to compel said city council of Dayton to appoint members of said board of equalization for said city of Dayton, but he has refused to comply with said request.

"Wherefore, relator prays that a writ of mandamus issue against the defendants, commanding them to appoint two members of the board of equalization for the city of Dayton for the full term of three years, and asks such other relief as the nature of the case may require."

To this petition the defendants filed a general demurrer, which was sustained by the court, and the plaintiff not desiring to amend, the petition was dismissed at costs of the relator.

*J. M Sheets, Attorney-General,* for plaintiff.

*Edwin P. Matthews* and *Philo G. Burnham,* for defendants.

BURKET, C. J.; DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The only pretended warrant of law for the filling of vacancies in the said city board of equalization is found in Section 2805, Revised Statutes. The part of said section covering the subject matter of this controversy is as follows:

"In each city of the first and second class there shall be an annual board for the equalization of the value of real and personal property, moneys and credits in such city, to be composed of the county auditor and six citizens of such city, appointed by the council thereof, except in cities of the second grade, first class, where the mayor of such cities shall make such appointments, the first appointment to be two for one year, two for two years, and two for three years, except in cities in which such boards are already organized, when two shall be appointed for three years, and two shall be thereafter appointed annually for three years; and all vacancies shall be filled for the unexpired term, provided, that the provisions of this act shall not affect any person or persons heretofore ap-

pointed, and now in office, during the time for which they shall have been appointed; but in cities of the second class, third grade *a*, and third grade *c*, said six members shall be appointed by the board of tax commissioners, and the appointment of said board shall be so made, and the vacancies shall be so filled, that not more than three members thereof shall be of the same political party, faith and allegiance, the first appointments to be two for one year, two for two years, and two for three years, and all the vacancies shall be filled for the unexpired terms from persons of the same political faith as those whose terms shall have expired. Said boards shall have all the powers, and be governed by the rules, provisions, and limitations prescribed in the next preceding section, for the annual county board; each member of said board is authorized to administer oaths, and said board is empowered to call persons before them, and examine them, under oath, in regard to their own or others' property, moneys, credits and investments, and the value thereof, and to equalize the value of real and personal property, moneys, credits, and investments within such cities, and to order any property, credit or investment to be placed on the duplicate for taxation, and fix the value thereof according to law, which has not been listed for taxation, and to increase the value of such property, moneys, credits and investments, as have in their judgment, been listed at less than their true value in money, and to reduce the value of such property, moneys, credits or investments as have been appraised above their true value in money, and shall annually meet at the office of the county auditor on the fourth Monday in May, except in cities of the first and second grade of the first class, when it shall meet on the fourth Monday in May, and shall close its session on or before the second Monday of September; except that in cities of the third grade of the first class, and in cities of the first and second grades of the second class, and in cities of the second class, third grade *a*, and cities having a population of twenty thousand and over by the last federal census, and which have not been by ordinance advanced to a city of the second grade of the second class, said board shall close its session on or before the first Monday of August; and in cities of the third grade *c* and the fourth grades of the second class, said board shall close its session on or before the fourth Monday of June then next following."

If this section is now in force as a valid statute, the demurrer should have been overruled and the prayer of the petition granted; but if said section is not now in force, the demurrer was properly sustained and petition dismissed.

The first section of the act of May 10, 1902 (95 O. L., 481), is as follows:

"Upon the written application of the county auditor of any county to the state board of appraisers and assessors, for the appointment of a board of review for any municipal corporation of such county, for the equalization of real and personal property, moneys and credits within such municipal corporation, said board of appraisers and assessors may appoint said board of review, to be composed of three citizens, freeholders of such municipal corporation, not more than two of whom shall belong to the same political party, one member of such board to be appointed for the term of one year, one member for the term of three years, and one member for the term of five years; and thereafter at the expiration of the term of any member, there shall be appointed by the said state board of appraisers and assessors, a freeholder of such municipal corporation as successor to such member for the term of five years, and all vacancies in said board shall be filled for the unexpired term in the same manner as the original appointment. The state board of appraisers and assessors may, at its discretion, remove any member of said board. Said board of review shall within and for their respective municipalities have all the powers and perform all of the duties heretofore conferred upon or required of the annual city board for the equalization of the value of real and personal property, moneys and credits; the decennial city board, for the equalization of the value of real property, and the annual city board of revision, and the decennial city board of revision, under any and all laws now in force, pertaining to such municipalities. And said board of review shall be the successor of said board of revision, said annual city board and said decennial city board, all of which boards shall, upon the appointment of a board of review in any municipal corporation under this act be abolished. Said board of review shall have power to hear complaints and to equalize the valuation of real and personal property, moneys and credits within such municipal corporation as said board of review may be located, and shall be governed by rules prescribed for the government of decennial county and city boards, and annual county and city boards, for the equalization of real and personal property."

Section five of the same act reads as follows:

"All of the provisions of the Revised Statutes of the state of Ohio, are hereby repealed in so far as they conflict with or are inconsistent with the provisions of this act, and not otherwise."

As the powers of the board of review and the duties to be by it performed include the powers and duties of the annual city board of equalization as prescribed in said Section 2805, and as said board of review is made the successor of said annual city board, it is clear that said Section 2805 conflicts with, and is inconsistent

with, said act of May 10, 1902, and is therefore expressly repealed by Section five of said act.

Other considerations urged in behalf of defendants would equally show the present invalidity of said section, but as the above is sufficient, they become unimportant.

*Petition dismissed.*