## THE BOARD OF EQUALIZATION ACT.

[Circuit Court of Lucas County.]

STATE, EX REL JUST ET AL, v. GODFREY, AUDITOR.

Decided, June 13, 1903.

*City Boards of Equilization—Repeal of the Act Authorizing Appointment of—Section 2805.*

The conflict between Section 2805 and the later act of May 10, 1902, terminates all the powers of city boards of equalization appointed under the prior section.

HAYNES, J.; PARKER, J., and HULL, J., concur.

Appeal from Common Pleas Court of Lucas County.

In this case an application was made for a writ of mandamus to the court of common pleas. A demurrer was filed to the petition and the case was heard upon the demurrer, and the parties not desiring to plead farther, a judgment was entered in favor of the defendant and thereupon the case was appealed to this court. The case is now being heard upon the appeal and upon the demurrer.

The claim of the relator was that the members of the board of equalization had been appointed, and that under the statutes as they now exist the members are entitled to hold until their successors are appointed and qualified. Some grounds of the argument arise from certain sections of the new municipal code, and there certainly was room for considerable argument in the case, and the points which had been made originally in the case were outlined to this court by counsel for relator. The board had been appointed under Section 2805, Revised Statutes, and prior to May 10, 1902, and were holding their office at that time, but have not been reappointed since.

Since the decision of the court of common pleas a decision has been rendered by the Supreme Court of this state, which, in our judgment, ends this case. The Supreme Court hold in the case of State v. Clarke, 68 Ohio St., 463, that:

"Section 2805, Revised Statutes, providing for annual city boards of equalization conflicts with and is inconsistent with the act of May 10, 1902 (95 O. L., 481), entitled, 'An act to provide for the appointment of a member of a board of review for the equalization of real and personally property,' and is therefore expressly repealed by Section 5 of said act."

This mandamus was applied for in the Supreme Court for the purpose of compelling the appointment of certain members of the board to succeed certain members whose terms of office had expired. The Supreme Court held and declared that Section 2805, under which this board was appointed, was repealed, and it follows that the powers and rights to exercise the office of those who hold under it fall with the statute. The statute repeals all powers which they had before that time and repeals all acts under which they were appointed and it terminates their right to perform any duties of the office, and, that being the case, the application for a mandamus in this case should be refused, and it is so ordered.

*James, Millard & Powell,* for plaintiff.

*Brown & Geddes,* for defendant.